E. W. BACHUS & COMPANY, Appellant v. S. L. STAEBLER & COMPANY.

UNCHALLENGED PLEADING. Where issue is joined on answer, without objection, all testimony tending to prove its allegations, is admissible.

*Appeal from Woodbury District Court*—HON. G. W. WAKEFIELD, Judge.

TUESDAY, OCTOBER 2, 1894.

BETWEEN May 6 and December 18, 1890, the plaintiff sold to the defendant lumber to the value of two thousand, thirty-six dollars and twenty-eight cents, for which amount this action is brought. During the period of such sales, the defendant firm consisted of S. L. and John Staebler and Jacob Henn. Henn retired from the firm on the first of January, 1891, under the agreement that he should be repaid the amount he paid into the firm when he entered it, and that the other members of the firm should assume and pay the indebtedness of the firm at the time of his retirement. S. L. and John Staebler appeared in the case, but filed no answer. Defendant Henn appeared and answered, stating the above facts, and, in addition, that plaintiff knew of the agreement by which the debts of the firm were to be paid by S. L. and John Staebler; that at that time S. L. and John Staebler had a large amount of property subject to execution; that about January 20, 1891, they were about to dispose of their property without satisfying their creditors, and with intent to defraud them, and that he (Henn) filed his petition in court, asking that a receiver take charge of their property, and collect and pay the same to their creditors; that plaintiff, with other creditors, filed affidavits in the same proceeding that it had received collateral security for its claims, and it did not believe a receiver was necessary, and, relying thereon, he (Henn) dismissed his petition for such receiver; that because of the dismissal of such petition the assets of said firm have been lost; and that plaintiff is estopped from now claiming of defendant Henn any of the indebtedness of said firm. He further claims that he is released therefrom because of the failure of the plaintiff to proceed against S. L. and John Staebler while they were solvent, and to realize on collateral security given by them. Upon the issues joined, the cause was tried to a jury that returned a verdict for the defendant, and the plaintiff appealed.—*Affirmed.*

*R. H. Brown* for appellant.

*Joy, Call & Joy* for appellee.

GRANGER, C. J.—Appellant says of the fifth instruction given by the court that, "it authorized the jury to consider as evidence the dissolution suits; the contract of dissolution between Staeblers and Henn, by which the former agreed to assume the liabilities, etc., and notice thereof to plaintiff, after debt created; and the affidavit of Rowe in regard to no necessity for a receiver,"—and urges that it was not proper evidence to be considered by the jury. The evidence is exactly what was necessary to prove the averments of the answer. The facts were pleaded as a defense, and issue taken thereon without objection. Under such circumstances, the evidence to prove the facts pleaded is proper. The same reasoning applies to what is called the "7 error," because one Rowe was permitted to testify to the making of an affidavit, and receiving collateral security. It was proper evidence to prove the facts put in issue by the pleadings. Nothing more need, or well can, be said in support of the ruling.

These are the only assignments argued, except that it is said that there was no evidence "warranting a release of defendant Henn." There surely was evidence to establish the facts pleaded as showing a release, upon which issue was taken. We do not, in such a case, consider the sufficiency of the pleading. Its sufficiency has not been, nor is it now, questioned.

Appellants have, in a general or abstract way, argued some propositions of law, but not in connection with any particular assignment of error, nor, in view of the record, in a way that we can give them such application. Even though we might agree with appellant in its contention, still it can avail it nothing, in view of the record before us. The judgment must be AFFIRMED.